IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO SANTOS VALLE,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| SCI DALLAS, *et al.*,<br>Defendants. | : <br> : | NO. 17-1792 |

FILED
MAY 23 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

JONES, J.                                                                                      May 22, 2018

On April 14, 2017, the Court received a *pro se* Complaint brought pursuant to 42 U.S.C. § 1983 from Plaintiff Antonio Santos Valle, an inmate currently incarcerated at FCI Fairton. (ECF No. 1.) In his Complaint, Valle named SCI Dallas, SCI Fayette Department of Corrections, and "Parole and Probation Board Office Warden at Both Prisons" as Defendants. On August 2, 2017, the Court received Valle's Motion for Leave to Proceed *In Forma Pauperis* and his six-month prisoner account statement. (ECF Nos. 3, 4.) By Order entered on August 10, 2017, the Court granted Valle leave to proceed *in forma pauperis*, assessed an initial partial filing fee, and dismissed his Complaint, noting that prisons are not "persons" subject to suit under § 1983 and that many of Valle's claims appeared to be barred by the statute of limitations. (ECF No. 5.) The Court provided Valle leave to file an amended complaint within thirty (30) days. (*Id.*)

In response, Valle sent a letter asking for the initial partial filing fee to be waived and for leave to amend his Complaint. (ECF No. 6.) By Order entered on October 19, 2017, the Court denied Valle's request for waiver of the initial partial filing fee and granted his request for leave to file an amended complaint, directing him to do so within thirty (30) days. (ECF No. 7.)

1

On November 24, 2017, Valle returned with a "Motion to Amend and Supplement the Record Pursuant to F.R.C.P. Rule 15(a)(b)(c)." (ECF No. 8.) By Order entered on December 13, 2017, the Court construed Valle's Motion as his Amended Complaint. (ECF No. 9.) In the Amended Complaint, Valle again named SCI Dallas, SCI Fayette Department of Corrections, and "Parole and Probation Board Office Warden at Both Institutions" as the Defendants, and contended that he was "deprived of the right to a fair parole hearing on March 22, 2012 due to prejudicial and discriminatory information placed in his institutional records in violation of the 5th, and 14th Amendments." (ECF No. 8 at 1.) He also alleged that "the defendants retaliated against [him] for seeking redress in regards to his claims and transferring him to another prison and therefore delaying [his] access to the courts." (*Id.* at 2-3.) Valle also asserted that "staff members had threatened him by telling him that he would never graduate from the residential drug treatment program or 'RDAP' in violation of his 8th Amendment rights." (*Id.* at 3.) He further suggested that he was not timely seen for consideration for parole, which caused him to be held "1480 days over his sentence" and to not be awarded prior custody jail credit towards his federal sentence. (*Id.* at 3-4.)

The Court dismissed Valle's Amended Complaint in its December 13, 2017 Order, noting that: (1) Valle's claims against SCI Dallas and SCI Fayette were subject to dismissal because prisons are not "persons" subject to suit under § 1983; (2) Valle's claim that his Fifth and Fourteenth Amendment rights were violated on March 22, 2012 was barred by the statute of limitations; (3) Valle's Eighth Amendment claim was subject to dismissal because verbal threats, without more, do not violate the Eighth Amendment; (4) any claims challenging the calculation of his state and federal sentences were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (5) the Amended Complaint, as pled, failed to state claims for retaliation and denial of access to

2

the courts because Valle "failed to identify who retaliated against him, how they did so, and when and where the alleged retaliation occurred" and "failed to describe when, where, and how these individuals impeded his access to the courts." (ECF No. 9.) The Court granted Valle leave to file a second amended complaint within thirty (30) days. (*Id.*)

Valle did not return with a second amended complaint. Accordingly, on March 19, 2018, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 11.) On April 25, 2018, the Court received a Motion for Appointment of Pro Bono Counsel and an unsigned Motion to Amend Pursuant to F.R.C.P. Rule 15(c) from Valle. (ECF Nos. 12, 13.) It appears that Valle intends for his Motion to Amend to be a second amended complaint.

In the Motion to Amend, Valle names the Department of Corrections, Brian Coleman at SCI Fayette, Norm Demming at SCI Dallas, Major Lori White, Unit Manager Nancy Naggie, Drug Program Administrator Walsh, and the "Pennsylvania Attorney General for Montgomery County, PA" as the intended Defendants. He asserts that these individuals "played a role in depriving him of a fair parole hearing due to prejudicial and discriminatory information that was disseminated, in violation of the 5th and 14th Amendment." (ECF No. 13 at 3.) He further contends that these individuals "retaliated against plaintiff for seeking redress in regards to his claims and transferring him to another prison and therefore delaying plaintiff's access to the courts," and that "staff members had threatened him by telling him that he would never graduate [from] the residential drug treatment program or 'RDAP' in violation of his 8th Amendment rights." (*Id.* at 4.) Valle further suggests that he "has suffered serious harm by being denied parole staffing, and is being held in excess of his incarceration for not being seen or having a parole hearing that he was entitled to have." (*Id.*) He argues that he was not paroled until January 21, 2016, and that he "was not awarded prior custody jail credit for the federal detainer

3

based upon the actions of the defendants." (*Id.*) As relief, he requests $7,500,000.00 in damages. (*Id.* at 6.) For the following reasons, the Court will deny Valle's Motions.

The Court first notes that Valle has not requested that this matter be reopened and has not set forth a basis for why the Court should reopen the matter. Moreover, under the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Valle failed to sign his Motion to Amend Pursuant to F.R.C.P. Rule 15(c), and, consequently, the Motion is not even properly before the Court. To the extent that the Court can consider the unsigned Motion to Amend, the Court will deny it because it fails to correct the defects identified in Valle's Amended Complaint.

As noted above, Valle reiterates the claims that he raised in his Amended Complaint in his Motion to Amend. The Court has already considered these claims in its December 13, 2017 Order. The Court informed Valle that (1) his Fifth and Fourteenth Amendment claims regarding his 2012 parole hearing were time-barred; (2) verbal threats fail to constitute a violation of the Eighth Amendment; (3) claims challenging the calculation of his sentences were not cognizable pursuant to *Heck*; and (4) he failed to state plausible claims for retaliation and denial of access to the courts. Once again, Valle's vague Motion to Amend simply fails to assert a plausible claim for which relief could be granted and therefore provides no basis for the Court to reopen this matter.

In sum, the Court will deny Valle's Motion to Amend Pursuant to F.R.C.P. Rule 15(c) because Valle fails to correct the defects of his amended complaint, all of which the Court thoroughly explained in its December 13, 2017 Order. The Court will also deny Valle's Motion for Appointment of Pro Bono Counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in

4

determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). This case shall remain closed. An appropriate Order follows.